IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN PEREZ, | : | CIVIL ACTION NO.: 3:20-cv-01103 |
| Plaintiff, | : | |
| | : | (Magistrate Judge Schwab) |
| v. | : | |
| OFFICER COLOMBO, *et al.*, | : | |
| Defendants. | : | |

**ORDER**
July 13, 2021

In response to our order, a defendant, Patrick Robinson ("Robinson") filed a letter brief outlining the basis for his anticipated motion to dismiss, some of which appear to have merit. *Docs. 25, 26.* After reviewing the letter brief, and keeping in mind that Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires" and that "[t]his liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits,'" *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (internal quotation marks and citation omitted)), we think the best course is to grant Perez leave to amend his complaint to attempt to address the issues raised by Robinson.

Based on the foregoing, **IT IS ORDERED** that Perez is **GRANTED** leave to file an amended complaint, which Perez may file on or before **August 16, 2021**.[1]  Unless he overcomes the hurdles mentioned in Robinson's letter brief (*doc. 26*), we caution Perez regarding naming Robinson as a defendant in any amended complaint.  Should Perez elect not to file an amended complaint, we will allow the defendants to file motions as they see fit.

<u>*S/Susan E. Schwab*</u>
Susan E. Schwab
United States Magistrate Judge

---

[1] For Perez's benefit, we note the following standards applicable to any such amended complaint.  Any amended complaint must be titled as a amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a).  "The plaintiff is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*.  "Also in general, an amended pleading—like [any] amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017).  In other words, if an amended complaint is filed, the original and complaint will have no role in the future litigation of this case.  Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3).  Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.