UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN PEREZ, | : | CIVIL NO.: 3:20-cv-01103 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| OFFICER COLOMBO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# ORDER
August 18, 2021

The plaintiff, Steven Perez, filed a motion for the appointment of counsel. *Doc. 33*. For the following reasons, we will deny that motion.

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Yet 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case. While the court has broad discretion to request an attorney to represent an indigent civil litigant, *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), it may not require an unwilling attorney to accept an appointment in a civil case, *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989).

"Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of <u>special circumstances</u> indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'" *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (emphasis in original) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).  But "counsel should be appointed where an indigent plaintiff with a potentially meritorious claim is not fully able to prosecute his or her own case in light of the overall complexity of the case." *Shifflett v. Korszniak*, 934 F.3d 356, 367 (3d Cir. 2019).

The United States Court of Appeals for the Third Circuit has "outlined a two-step process" that the court should follow when deciding whether to ask an attorney if he or she will accept the responsibility of representing a *pro se* plaintiff. *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  First, as a threshold inquiry, the court must consider whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 498-99.  Second, if the plaintiff overcomes this threshold hurdle, the court should consider other factors including: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be required and the plaintiff's ability to

pursue such investigation; (4) the degree to which the case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his or her own behalf. *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). This list is not meant to be exhaustive. *Tabron*, 6 F.3d at 157; *see also Houser*, 927 F.3d at 700 ("We have always emphasized that the Tabron factors are only a guidepost for district courts in their exercise of the broad statutory discretion granted to them by Congress. They are not exhaustive, nor are they each always essential."). Rather, the court must determine on a case-by-case basis whether the appointment of counsel is warranted. *Tabron*, 6 F.3d at 158.

When considering motions for appointment of counsel, there are also practical considerations that a court must consider, such as the large number of prisoner civil rights cases; "the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron*, 6 F.3d at 157. Because volunteer lawyer time is limited and extremely valuable, the court should not request counsel to accept an appointment indiscriminately. *Id.* Thus, "[t]he scarcity of *pro bono* counsel is important, even if it is not among the delineated Tabron factors." *Houser*, 927 F.3d at 700.

3

Here, analysis of these factors leads us to conclude that counsel should not be appointed now. There is only one claim—Perez's claim that Officer Colombo kicked him in the foot. *Doc. 34* at 2. For purposes of analyzing Perez's motion for the appointment of counsel, we assume that his claim is not without merit, especially at this early stage of these proceedings.

Perez asserts that he cannot afford to pay an attorney and that his incarceration limits his ability to litigate this case. *Doc. 33* at 1. In particular, he notes COVID restrictions, limited access to the law library, and his limited legal knowledge. *Id.* While we understand that Perez as a *pro se* prisoner with limited education and skills doubtless faces obstacles in this action, his filings thus far show that he understands English, is literate, and can communicate effectively. He can present his own case. In so concluding, we are cognizant of Perez's contentions regarding COVID restrictions. "While the Plaintiff notes that restrictions in the prison due to the ongoing COVID-19 pandemic are limiting his ability to prepare his case, so too is the pandemic challenging lawyers in this District in the practice of law." *In v. Stroup*, No. 1:19-CV-00224, 2020 WL 5424043, at *2 (W.D. Pa. Sept. 10, 2020). And "[w]ith respect to Plaintiff's concern regarding limited law library access, if he requires extensions of time to respond to future pleadings and Orders requiring a response, he may request such from the Court at the appropriate time." *Dudley v.*

4

*Brown*, No. 1:19-CV-1157, 2020 WL 5258483, at *3 (M.D. Pa. Sept. 3, 2020).

Further, the legal issues in this case are not overly difficult or complex. As in all cases, if the case goes to trial, credibility may be an issue, but at this point, we cannot say that the case will be decided solely because of credibility. Further, although credibility may be an important factor if this case proceeds to trial, credibility generally is not an issue during the pretrial phases of the case. It is also unlikely that expert testimony would be required in this case.

Taking all these factors into consideration, we will deny Perez's motion to appoint counsel at this time without prejudice to re-examining this issue as this litigation progresses.

Accordingly, **IT IS ORDERED** that Perez's motion (*doc. 33*) for the appointment of counsel is **DENIED**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge